IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAITH KINTZEL, | : | No. 3:14cv2222 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| DANTE ORLANDI, WILLIAM E. TUCKER, CORPORAL WISE, KATHY JO WINTERBOTTOM, STEPHAN KLEEMAN, and THE PENNSYLVANIA STATE POLICE, | : | |
| Defendants | : | |

**MEMORANDUM**

Before the court are defendants' motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 6, 15). The parties have briefed the issues, and the motions are ripe for determination.

**Background**

Plaintiff's claims arise from Defendant Kleeman's alleged sexual assault on plaintiff committed in June, 2010. (see generally Doc. 1 Compl.). Plaintiff alleges Kleeman used the threat of pending prosecution to force her to have sex with him. (Id. ¶¶ 11-37). Plaintiff further alleges that Kleeman and all the other defendants engaged in a cover-up that deprived plaintiff of meaningful access to judicial remedies through a civil suit. (Id. ¶¶ 40-66). Specifically, plaintiff raises claims of denial of access

to the courts, violation of First and Fourteenth Amendment rights, and conspiracy.  (Id. ¶¶ 67-73).

Prior to initiating this action, plaintiff filed a civil suit on May 17, 2012 in the Eastern District of Pennsylvania against Defendant Kleeman, which was transferred to this court on January 23, 2013.  (No. 3:13-cv-163).  In that suit, plaintiff seeks damages for false arrest, false imprisonment, excessive force, due process violations, sexual assault and battery, and loss of consortium.  (Id., Doc. 1).  The parties have completed discovery, and that case is proceeding toward the trial phase.

In the instant case, Defendant Kleeman filed a motion to dismiss on December 22, 2014 (Doc. 6), followed by the remaining defendants filing a motion to dismiss on February 20, 2015 (Doc. 15).  The parties have briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Defendants filed the instant motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)

(citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendants argue that plaintiff's claims must be dismissed because they are not yet ripe and are barred by the 11th Amendment.  Plaintiff argues against 11th Amendment immunity and asserts her claims are ripe.  After careful analysis, the court agrees with the defendants as to the lack of ripeness.  Because we find plaintiff's claims are not yet ripe, we do not reach the issue of immunity.

Ripeness is a doctrine of justiciability we use to determine whether a party has brought an action prematurely, and which counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.  U.S. CONST. art. III, §§ 1-2; Pittsburgh Mack Sales & Serv. v. Int'l Union of Operating Eng'rs, Local Union N. 66, 580 F.3d 185, 190 (3d Cir. 2009).[1]  The Supreme Court

---

[1] In some circumstances the ripeness requirement is drawn from Article III limitations on judicial power and in others from prudential limitations.  See Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733 n.7 (1997); see also Phila. Fed'n of Teachers v. Ridge, 150 F.3d, 319, 323 n.3 (3d Cir.

explained that the "basic rationale" of the ripeness requirement is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967).

In determining whether a case is ripe, courts generally examine "(1) 'the fitness of the issues for judicial decision,' and (2) 'the hardship to the parties of withholding court consideration.'" Surrick v. Killion, 449 F.3d 520, 527 (3d Cir. 2006) (quoting Abbott Labs., 387 U.S. at 149). The Third Circuit Court of Appeals has stated that a court's assessment of fitness includes, "whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the extent to which a claim is bound up in the facts; and whether the parties to the action are sufficiently adverse." Ridge, 150 F.3d at 323. "The second prong focuses on the hardship that may be entailed in denying judicial review, and the determination whether any such hardship is cognizable turns on whether the challenged action creates a direct and immediate dilemma for the parties . . . ." Id.

---

1998) (noting ambiguity over whether ripeness is a prudential limitation on federal jurisdiction or is required by the case-or-controversy requirement of Article III of United States Constitution).

In the instant case, plaintiff's claim for denial of access to the courts is not ripe. Under the first prong of the Third Circuit's analysis, this claim is not fit for judicial decision because it hinges on events that may not happen at all. Plaintiff claims that defendants' actions have "substantially reduced Plaintiff's likelihood of obtaining relief in her action against Kleeman." (Comp. ¶ 70). The action against Defendant Kleeman to which plaintiff refers is still pending. Plaintiff invites the court to speculate on the outcome of that action and assume that plaintiff will recover less than she would have absent defendants' adverse actions. This we will not do. Because any harm for which plaintiff might recover in this action has not yet happened in her suit against Kleeman–and indeed, may never come to pass if plaintiff obtains a positive outcome in that action–this case is not yet fit for judicial decision.

Turning to the Third Circuit's second prong, denying judicial review in this case creates no hardship for the plaintiff, and might spare defendants the expense and effort of defending a case that may ultimately come to nothing. If the court dismisses this complaint without prejudice, plaintiff can finish litigating her case against Defendant Kleeman and then, if the outcome warrants, she can press a claim for denial of access to the courts

at that time.  And if plaintiff receives a judgment or settlement in her favor that meets or exceeds what she would have recovered without the alleged actions of the defendants, then the denial of access claim will be rendered moot.  Thus, the second prong reinforces our finding under the first prong, that the claims in the instant complaint are not ripe.

**Conclusion**

For the reasons stated above, the court will grant defendants' motions to dismiss, and dismiss plaintiff's complaint without prejudice.  An appropriate order follows.

**DATE:** 6/30/2015                    **s/ James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**