# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| FAITH KINTZEL, | : | No. 3:14cv2222 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DANTE ORLANDI, WILLIAM E. TUCKER, CORPORAL WISE, AND KATHY JO WINTERBOTTOM, PA. STATE POLICE, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is the defendants' motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 31). For the following reasons, the court will grant the motion.

**Background**

Plaintiff Faith Kintzel (hereinafter "plaintiff") alleges that Pennsylvania State Police Officer Stephan Kleeman (hereinafter "Officer Kleeman") sexually assaulted her in June of 2010. (See Doc. 29, Am. Compl. (hereinafter "Am. Compl.")). Specifically, she avers that Officer Kleeman used the threat of pending prosecution to force her to have sex with him. (Id. ¶¶ 9-36). Plaintiff further alleges that Officer Kleeman and four other state police officers, Dante Orlandi, William E. Tucker, Corporal Wise, and Kathy Winterbottom (hereinafter the "state police defendants"), withheld

evidence and engaged in a cover-up that deprived her of meaningful access to judicial remedies through a lawsuit against Officer Kleeman. (Id. ¶¶ 37-66).

Plaintiff initiated this action against Officer Kleeman and the state police defendants pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983") on November 20, 2014, alleging: Count I, denial of access to the courts; and Count II, conspiracy. (See Doc. 1, Compl.). Prior to initiating this action, plaintiff sued Officer Kleeman in the Eastern District of Pennsylvania on May 17, 2012 (hereinafter "Kintzel I"), alleging false arrest, false imprisonment, excessive force, due process violations, sexual assault and battery, and loss of consortium. (See 3:13-cv-163, Doc. 1, Compl.). On January 23, 2013, Kintzel I was transferred to this court. The parties agreed to settle the matter for $23,000.00,[1] and we dismissed the case on August 17, 2016. (Am. Compl. ¶¶ 47, 64; 3:13-cv-163, Doc. 161).

---

[1] In her amended complaint, plaintiff avers that she "agreed to settle her claim against [Officer Kleeman] for $12,000 plus the deed to a parcel he owns which is worth approximately $16,000," or a total of $28,000.00. (Am. Compl. ¶ 64). Plaintiff's response to the state police defendants' motion to dismiss, however, indicates that Kintzel I settled for $23,000.00. (Doc. 36, Pl.'s Br. in Opp. at 3-4). The actual settlement amount is immaterial to our determination here, and therefore, we will use plaintiff's more recent iteration of the settlement amount, $23,000.00, for the remainder of this memorandum.

2

On June 30, 2015, prior to Kintzel I's settlement and dismissal, we dismissed the instant action without prejudice for lack of ripeness. (Docs. 27 and 28). On November 14, 2016, after Kintzel I's settlement and dismissal, plaintiff filed an amended complaint in the instant action (Doc. 29), as well as an entirely new lawsuit alleging the same claims.[2] (See 3:16-cv-2493, Doc. 1, Compl.). We reopened this case on January 6, 2017 (Doc. 30), and consolidated plaintiff's new lawsuit with this one on January 27, 2017. (Doc. 33).

On January 27, 2017, the state police defendants moved to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 31). The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

Because this case is brought pursuant to section 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

---

[2] Neither plaintiff's amended complaint nor her new lawsuit name Officer Kleeman as a defendant. (See Doc. 29; 3:16-cv-2493, Doc. 1, Compl.).

3

**Legal Standard**

The state police defendants filed the instant motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations

4

omitted). The court need not accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The state police defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff has failed to plead facts sufficient to satisfy the elements of her section 1983 claims for denial of access to the courts and conspiracy. Section 1983 provides a civil remedy for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under the color of state or territorial law.'" Halsey v. Pfeiffer, 750 F.3d 273, 290 (3d Cir. 2014) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)). Thus, "[t]he threshold issue in any [section] 1983 lawsuit is whether the plaintiff has sufficiently alleged a deprivation of a constitutional right." L.R. v. Sch. Dist. of Phila., 836 F.3d 235, 241 (3d Cir. 2016).

Here, the parties do not contest whether the state police defendants acted under state law. Rather, they dispute whether the state police defendants deprived plaintiff of her constitutional rights. As previously stated, Count I of the complaint asserts a section 1983 denial of access to the courts claim. Count II asserts a section 1983 conspiracy claim. We address each count in turn.

**I. Count I, Denial of Access to the Courts**

The state police defendants first move to dismiss Count I of plaintiff's complaint, a section 1983 denial of access to the courts claim. The United States Supreme Court has recognized that a constitutional right to effectively use the courts has been found in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002). Here, plaintiff asserts a denial of access to the courts claim pursuant to the First and Fourteenth Amendments. (Am. Compl. ¶ 70). Denial of access claims, wherever they are constitutionally grounded, generally fall into two categories: "forward-looking" claims and "backward-looking" claims. Harbury, 536 U.S.at 412-13.

"Forward-looking" claims allege that official action frustrates a plaintiff in preparing and filing suit at the present time. Id. at 413. "Backward-looking" claims, however, allege that past official acts caused "the loss or inadequate settlement of a meritorious case, . . . the loss of an opportunity to sue, . . . or the loss of an opportunity to seek some particular order of relief[.]" Id. (internal citations omitted).[3]  Here, plaintiff's denial of access claim is "backward-looking," and argues that the state police defendants' past official acts caused an inadequate settlement in Kintzel I.

To prove a denial of access claim, plaintiff must establish two elements: (1) she suffered an "actual injury"—that she lost a chance to pursue "nonfrivolous" or "arguable" underlying claims; and (2) she has no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Harbury, 536 U.S. at 415). Accordingly, to demonstrate the sufficiency of the underlying claim, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more

---

[3] As the name implies, "backward-looking" claims look backward to a time when specific litigation "ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." Harbury, 536 U.S. at 414 (footnotes omitted). "The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." Id.

7

than mere hope,' and it must describe the 'lost remedy.'" Id. at 205-06 (citing Harbury, 536 U.S. at 416-17).

In the instant matter, the state police defendants challenge the first element, arguing that plaintiff has not suffered an actual injury. Specifically, they contend that plaintiff's initial civil lawsuit, Kintzel I, ended with a $23,000.00 settlement in her favor, and thus, she cannot establish the "the loss or inadequate settlement of a meritorious case." Plaintiff avers that $23,000.00 is an inadequate settlement, and that she would have received a greater settlement or jury award had it not been for the state police defendants' actions. After a careful review, we agree with the state police defendants.

As previously stated, a backward-looking denial of access claim pursuant to section 1983 alleges that past official acts caused, *inter alia*, "the loss or inadequate settlement of a meritorious case[.]" Harbury, 536 U.S. at 413. Consistent with this principle, this court instructed the parties that "if plaintiff receives a judgment or settlement in her favor [in Kintzel I] that meets or exceeds what she would have recovered without the alleged actions of the defendants, then the denial of access claim will be rendered moot." (Doc. 27 at 7) (emphasis added).

Here, plaintiff's $23,000.00 settlement in Kintzel I is adequate. Plaintiff avers that this settlement "is far less than she would have received absent the actions of the [state police defendants.]" (Am. Compl. ¶ 65). At the same time, however, plaintiff avers that she settled Kintzel I for $23,000.00 because Officer Kleeman would not have been able to pay a greater settlement or jury award. (Am. Compl. ¶ 64).[4] Thus, according to the amended complaint, the state police defendants' alleged actions had no effect on the Kintzel I settlement. Stated differently, plaintiff settled Kintzel I due to Officer Kleeman's inability to pay her more than $23,000.00; she did not settle due to her own inability to obtain evidence allegedly withheld by the state police defendants.

Given Officer Kleeman's inability to pay a settlement or jury award in excess of $23,000.00, we find that $23,000.00 is the most substantial award plaintiff could have collected in Kintzel I. Plaintiff's claim that the state police defendants' alleged acts deprived her of an adequate settlement in Kintzel I, therefore, fails as a matter of law. At the very least, plaintiff's settlement met what she would have recovered in Kintzel I without

---

[4] "On or about October 18, 2016, due to the lack of ability for Stephen Kleeman to pay a judgment and lack of assets he owned, Plaintiff agreed to settle her claim against him for $12,000 plus the deed to a parcel he owns which is worth approximately $16,000. She signed a release settling that case." (Am. Compl. ¶ 64).

the state police defendants' alleged acts.  Thus, plaintiff's settlement is adequate.  Because plaintiff's settlement is adequate, she cannot prove that she suffered an "actual injury"—that she lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim.

At this juncture, even viewing plaintiff's allegations as true, we find that she has failed to allege facts sufficient to establish a section 1983 denial of access to the courts claim against the state police defendants. Thus, we will grant the state police defendants' motion to dismiss Count I.[5]

---

[5] We note that plaintiff relies on case law from several other circuits and district courts for the premise that, when state actors "shield from the public [and the plaintiff] . . . key facts which would form the basis of [the plaintiff's] claim for redress," that plaintiff can bring a backward-looking claim.  See Bell v. City of Milwaukee, 746 F.2d 1205, 1261 (7th Cir. 1984), overruled on other grounds by Russ v. Watts, 414 F.3d 783 (7th Cir. 2005). These other circuits recognize, however, that "when a plaintiff in a backward-looking access suit alleges that the government concealed or manipulated relevant facts, the claim may not proceed if the plaintiff was, at the time of the earlier lawsuit, aware of the facts giving rise to his claim." Sousa v. Marquez, 702 F.3d 124, 128 (2d Cir. 2012) (citations omitted); see also Chappell v. Rich, 340 F.3d 1279 (11th Cir. 2003); Swekel v. City of River Rouge, 119 F.3d 1259 (6th Cir. 1997); Bell, 746 F.2d 1205; Ryland v. Shapiro, 708 F.2d 967 (5th Cir. 1983).  The point of a backward-looking access claim is to ensure that plaintiffs have an opportunity to rebut opposing evidence—not to convert every instance of deception by a governmental witness into a separate federal lawsuit.  Sousa, 702 F.3d at 128-29.  A plaintiff with such an opportunity, therefore, does have adequate access to a judicial remedy.  Id. at 128.  Here, plaintiff began the instant action on November 20, 2014, approximately twenty-one (21) months before Kintzel I settled.  Although she filed an amended complaint after Kintzel I settled, on November 14, 2016, plaintiff's allegations are materially the same.  Thus, plaintiff was aware of the facts giving rise to the instant

## II. Count II, Conspiracy

The state police defendants next move to dismiss Count II of plaintiff's complaint, a section 1983 conspiracy claim. To establish a conspiracy claim under section 1983, a plaintiff must establish both the applicability of section 1983 and the Pennsylvania state law elements of a civil conspiracy. Dice v. Johnson, 711 F. Supp. 2d 340, 357 (M.D. Pa. 2010) (citing Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974)). We previously concluded that plaintiff has failed to establish the applicability of section 1983, as she has not demonstrated that the state police defendants deprived her of a federal right. As such, plaintiff's section 1983 conspiracy claim fails as a matter of law. The state police defendants' motion to dismiss with respect to this claim will thus be granted.

**Conclusion**

Based upon the above reasoning, the court will grant the state police defendants' motion to dismiss. An appropriate order follows.

**Date: April 21, 2017**     **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**

---

action at the time of Kintzel I. Even if bound by the case law on which plaintiff relies, therefore, plaintiff's claim may not proceed.

11